UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

JAMES M. MILLETTE, :
          Petitioner, :
: No. 5:19-cr-00589
v. : No. 5:22-cv-02469
:
UNITED STATES OF AMERICA, :
          Respondent. :
_____

**O P I N I O N**
Motion to Vacate Sentence, 28 U.S.C. § 2255, ECF No. 36 – Dismissed

**Joseph F. Leeson, Jr.**                                                                          **April 12, 2023**
**United States District Judge**

## I. INTRODUCTION

At a hearing before this Court on February 12, 2020, Petitioner James Millette pled guilty to one count of receipt of child pornography and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (a)(4)(B). *See* Plea Agrmt., ECF No. 19. On August 12, 2020, this Court sentenced Millette to 235 months of imprisonment and a lifetime of supervised release, pursuant to the plea agreement between the parties under Federal Rule of Criminal Procedure 11(c)(1)(C).[1] Judgment was entered two days later, on August 14, 2020. *See* Jdmt. Order, ECF No. 33. Millette did not appeal his judgment, and the appeal period ended on or around August 28, 2020. *See* Jdmt. Order. *See also* Fed. R. App. P. 4(b)(1)(A)(i) (notice

---

[1] Rule 11(c)(1)(C) provides that if "the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)."

of appeal in a criminal case must be filed by defendant within 14 days of the district court's judgment being entered).

On or about June 22, 2022,[2] Millette filed a pro se Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 challenging his conviction for child-pornography related offenses. Pet., ECF No. 36. In his Petition, Millette argues that his trial counsel was ineffective for several reasons. *Id*. The Government filed a response in opposition. Resp., ECF No. 44.

Upon closer review, it appeared to the Court that Millette's Petition may have been filed more than one year after Millette's judgment became final. In an abundance of caution and in the interests of justice, the Court ordered Millette to show cause as to why his petition should not be dismissed as untimely, and the government was also ordered to respond. *See* Order, ECF No. 48. Thereafter, Millette filed a supplemental brief arguing that his Petition should not be dismissed as untimely. Specifically, Millette suggests that he could not timely file his Petition because (1) he spent nine months in the "SHU" (i.e. the prison's special housing unit), (2) the prison was on Covid-19 lockdown for two months, (3) the prison was on lockdown "on and off" due to "inmate overdose on drugs or kill each other," and (4) prison "staff [] are slow [to] put mail to mail room." *See* Pet. Supp. Brief, ECF No. 49. The Government responded, arguing that the Petition should be dismissed as untimely and that Millette's excuses are insufficient to support equitable tolling of § 2255(f)'s limitation period. *See* Gov't Supp. Brief, ECF No. 50.

II.   **LEGAL STANDARDS**

---

[2]   Although the handwritten date on the Petition is June 7, 2021, the Petition was apparently not received by the BOP until June 22, 2022, as indicated by the stamp on the outer envelope of the Petition. *See* Pet. The date "6-13-22" is also handwritten on the back of the envelope, although the significance of this date is unclear. *See id*. The Petition was received and docketed by this Court on June 24, 2022. *See* ECF No. 36.

2
041223

A. **Motion to Vacate and Limitation Period under 28 U.S.C. § 2255 – Review of Applicable Law**

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal defendants can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. *Davis v. United States*, 417 U.S. 333, 343 (1974); *O'Kereke v. United States*, 307 F.3d 117, 122-23 (3d Cir. 2002). Section 2255 "states four grounds upon which such relief may be claimed: (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose such sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;' and (4) that the sentence 'is otherwise subject to collateral attack.'" *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (quoting 28 U.S.C. § 2255(a)).

A petitioner has one year from this time his conviction becomes final to file a timely § 2255 motion. *See* U.S.C. § 2255(f). Specifically, the one-year limitation period begins to run on any one of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented by making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

B. **Equitable Tolling – Review of Applicable Law**

A district court may in extraordinary circumstances grant equitable tolling to allow an otherwise untimely petition to be reviewed. *See Miller v. N.J. State Dep't of Corr.*, 145 F. 3d 616, 618 (3d Cir. 1998) (construing § 2244(d)(1) as a statute of limitation, not a jurisdictional bar, and holding that courts therefore have discretion to "equitably toll in extraordinary circumstances"). However, "[e]quitable tolling is available 'only when the principle of equity would make the rigid application of a limitation period unfair.'" *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006) (quoting *Merritt v. Blaine*, 326 F. 3d 157, 168 (3d Cir. 2003)). To prove that equity demands tolling the statute of limitations, the petitioner bears the burden to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation and citation omitted). *See also Jones v. Morton*, 195 F. 3d 153, 159 (3d Cir. 1999) ("[T]he petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." (cleaned up)). For example, the Third Circuit has "explained that equitable tolling may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones*, 195 F. 3d at 159 (internal marks and citation omitted).

### III.    ANALYSIS

Because Millette did not file a direct appeal of his judgment of conviction, Millette's judgment became final when the appeal period ended on August 28, 2020, 14 days after judgment was entered. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation [under § 2255] begins to run, on the date on

which the time for filing such an appeal expired."). *See also* Fed. R. App. P. 4(b)(1)(A)(i) (a criminal defendant's notice of appeal must be filed in the district court within 14 days of the entry of judgment). Therefore, Millette's habeas petition should have been filed by August 28, 2021, to comply with the one-year limitation period of § 2255(f). However, Millette's Petition was not filed until June 22, 2022, approximately 10 months after the limitation period had ended. Therefore, on its face, the Petition is untimely.

Millette offers various reasons for why his Petition was not timely filed, which this Court will consider as an equitable tolling argument. Specifically, Millette suggests that he could not timely file his Petition because (1) he spent nine months in the "SHU" (i.e. the prison's special housing unit), (2) the prison was on Covid-19 lockdown for two months, (3) the prison was on lockdown "on and off" due to "inmate overdose on drugs or kill each other," and (4) prison "staff [] are slow put mail to mail room [sic]."[3] For the following reasons, the Court declines to apply equitable tolling in this case.

As an initial matter, because Millette does not provide specific dates[4] as to when each of the alleged lockdown events occurred, there is no way for the Court to tell which of these situations, if any, occurred during the relevant limitation period. However, even assuming that the events all occurred during the relevant time period, from August 28, 2020 to August 28,

---

[3] In his supplemental briefing, Millette also re-articulates some of the substantive bases for his § 2255 motion, which the Court need not address at this time.

[4] The only date provided by Millette related to these lockdown periods is "November 2021," but it is unclear from his briefing whether that date refers to the end of his time in the "SHU," the date he was transferred from FCI Hazelton to FCI Edgefield, and/or the date that the two-month Covid-19 lockdown began. *See* Supp. Brief at 1 ("The reason I did not file my petition on time because I was sent to West [Virginia] FCI Hazelton once I got off the [transfer] Bus couple Inmate [sic] try to kill me due to my charges and ISS put me in Shu for 9 months until I got edgefield FCI in November 2021 I was locked down for 2 month for cov[id] 19 reason…").

2021, Millette's petition was not filed until almost 10 months *after* the expiration of the limitation period.  Even if the Court assumes for Millette's benefit that he was unable to work on his Petition for an 11-month period, during his combined time in the "SHU" and his time on Covid-19 lockdown, there is still one month during the relevant period that remains unaccounted for.  Further, there are 10 additional unexplained months, considering the overall 22-month span between when Millette's judgment became final on August 28, 2020, and when Millette's Petition was filed on June 22, 2022.  Therefore, Millette has simply not demonstrated that he was diligently pursuing his rights during this timeframe.

      Notwithstanding the unexplained gaps of time, Millette has not established that any of his proffered reasons are "extraordinary circumstances" that would warrant the tolling of any portion of the one-year limitation period.  Routine and ordinary events of prison life, such as prison lockdowns, being placed in solitary confinement, and being transferred between penitentiaries, "are not the type of extraordinary events that make it impossible to file a timely habeas petition." *Harper v. United States*, No. 4:07-cr-00339, 2012 U.S. Dist. LEXIS 1712, at *15 (M.D. Pa. Jan. 6, 2012) (holding that the petitioner was "not entitled to equitable tolling because he was transferred from one penitentiary to another, placed in solitary confinement at various times, and not always able to communicate with other prisoners who possessed legal knowledge" because "[p]risoners must take such routine restrictions of prison life into consideration when calculating when to file a federal petition").  *See also Garrick v. Vaughn*, No. 00-4845, 2003 U.S. Dist. LEXIS 26203, at *10-11 (E.D. Pa. Sept. 5, 2003) ("Routine aspects of prison life such as lockdowns, lack of access to legal resources, and disturbances must be taken into consideration by a prisoner in deciding when to file a federal petition, because these "do not constitute extraordinary circumstances sufficient to equitably toll the statute of limitations.").  Here, all the

events described by Millette, such as lockdowns and time spent in the SHU, are simply routine or ordinary to prison life. Millette does not offer any special set of facts around these otherwise ordinary prison occurrences to justify equitable tolling in this case.

Additionally, Millette's accusation that the prison staff are "slow" to process prison mail likewise does not constitute an extraordinary circumstance in this case. As explained *supra* in footnote two, the Court noted a discrepancy over the date of the Petition which remains unaddressed by Millette or the Government. Although the handwritten date on the Petition is June 7, 2021, the Petition was apparently not received by the BOP until June 22, 2022. Even if the Court assumed for Millette's benefit that an extraordinary event occurred here, specifically that the prison had possession of and delayed mailing Millette's Petition for over a year,[5] Millette has again failed to show that he exercised reasonable diligence in pursuing his rights during this time frame, and for that reason alone, the Court cannot justify equitable tolling.

## IV.    CONCLUSION

Because the Court declines to apply equitable tolling to render Millette's motion timely filed, the Petition must be dismissed as untimely. A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[5]    To be clear, Millette does not allege that the prison negligently or maliciously held onto his Petition for over a year without mailing it, nor does Millette allege that he attempted to check on the status of his Petition during this timeframe, either with the prison or with the Court. Simply put, Millette's accusation that prison mailroom staff are "slow" is too vague to justify equitable tolling, even when the Court considers it in conjunction with the Petition's possible date discrepancy. Moreover, Millette still carries the burden to show he diligently pursued his rights, regardless of the roadblocks allegedly in place.